UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JAMES BURKS** <br> La. D.O.C. #117960 | **CIVIL ACTION NO. 08-0030** <br> **SECTION P** |
| VS. | JUDGE JAMES |
| UNITED STATES POST OFFICE, ET AL. | MAGISTRATE JUDGE HAYES |

### ORDER

Before the court is a *pro se* civil rights complaint filed *in forma pauperis* on January 8, 2008, by plaintiff James Burks.  Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections; he is presently incarcerated at the Dixon Correctional Institute, Jackson, Louisiana; however, when he filed his complaint he was incarcerated at the Franklin Parish Detention Center, Winnsboro, Louisiana. In his pleadings [doc. 1, doc. 4] plaintiff complains that his constitutional rights were violated by unnamed personnel employed at the United States Post Office, Winnsboro, Louisiana.

On January 23, 2008, plaintiff applied for *in forma pauperis* status [doc. 5], and, on January 25, 2008,  his motion to proceed *in forma pauperis* was granted. [doc. 6]

Plaintiff has, on three occasions while a prisoner, had civil cases dismissed as frivolous, for failing to state a claim for which relief might be granted, or for seeking monetary damages against a defendant who is immune from such relief pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(i), (ii), or (iii). See, *James Burks v. Richard L. Stalder*, No. 3:02-cv-0546 (M.D.La. 7/31/2002); *James Burks v. Richard Stalder*, No. 3:05-cv-0099 (M.D.La. 3/28/2005);

*James Burks v. Timothy E. Kelley*, No. 3:05-cv-0955 (M.D. La. 8/15/2005).

28 U.S.C. §1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is well aware of this provision. It each instance cited above, he was cautioned by the Magistrate Judge that three such strikes could result in the revocation of his privilege of proceeding *in forma pauperis* in later actions. See, *James Burks v. Richard L. Stalder*, No. 3:02-cv-0546 (M.D.La. 7/31/2002) at doc. 4; *James Burks v. Richard Stalder*, No. 3:05-cv-0099 (M.D.La 3/28/2005) at doc. 4; and, *James Burks v. Timothy E. Kelley*, No. 3:05-cv-0955 (M.D. La. 8/15/2005) at doc. 4.

Plaintiff's complaint alleges that on December 4, 2007, he mailed certain documents to the United States Department of Justice and that post office personnel at the Winnsboro Post Office returned his mailing "... with the official use part on the mail-piece detach[ed] under Article Number 7006 0810 0003 6712 2003...". As a result, according to the plaintiff, "the Postal Service personnel prevented me from enjoying a privilege that I ... may have." Plaintiff does not allege, nor do his pleadings imply, that he is "...in imminent danger of serious injury..." Plaintiff is thus not eligible to proceed *in forma pauperis* in this matter.

Therefore

**IT IS ORDERED** that the January 28, 2008, order granting plaintiff's *in forma pauperis*

status [doc. 6] is hereby **REVOKED** and **RESCINDED;**

      **IT IS FURTHER ORDERED** that in order for this complaint to remain viable, plaintiff must pay the **full filing fee of $350.00 within twenty (20) days from the date of this order**. **FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE PLEADINGS BEING DISMISSED AND STRICKEN FROM THE RECORD.**

      **THUS DONE AND SIGNED** in Chambers, in Monroe, Louisiana this 25th day of March, 2008.

*[signature]*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE