RECEIVED
IN MONROE, LA
JUL 2 - 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JAMES BURKS<br>LA. D.O.C. #117960 | CIVIL ACTION NO. 08-0030<br>SECTION P |
| VERSUS | JUDGE ROBERT G. JAMES |
| UNITED STATES POST OFFICE,<br>ET AL. | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

On March 25, 2008, Magistrate Judge Karen L. Hayes issued an Order [Doc. No. 10] that revoked and rescinded a previous Order dated January 25, 2008 [Doc. No. 6] wherein Plaintiff was granted *in forma pauperis* status.

Pending before the Court is Plaintiff's appeal [Doc. No. 11] of the Magistrate Judge's March 25, 2008 Order.

As the Eastern District of Louisiana has explained in a prior ruling,

> There is some disagreement among courts over whether a magistrate judge's ruling on an IFP application should be treated as a ruling on a non-dispositive pre-trial matter under 28 U.S.C. § 636(b)(1)(A) and reviewed for clear error or treated as a report and recommendation prepared under 28 U.S.C. § 636(b)(1)(B) and thus reviewed de novo. *Compare Poche v. Butler*, Civ. A. No. 07-3506, 2007 WL 2695350, at *1, *1 n. 1 (E.D.La. Sept. 11, 2007) (reviewing magistrate's ruling for clear error); *Seaberry v. Stadler*, Civ. A. No. 05-1960, 2006 WL 1635707, at *1 (reviewing for clear error and emphasizing that magistrate judge's ruling on IFP application is not a recommendation but an order); *Harmon v. U.S. Court of Appeals for the Fifth Circuit*, Civ. A. No. 96-1990, 1996 WL 435463, at *1 (E.D.La. Aug. 1, 1996) (concluding that a magistrate judge may issue an order on an IFP application under 28 U.S.C. § 636(b)(1)(A) instead of a report and recommendation), with *Lee v. Tex. Dep't of Public Safety*, No. Civ. A. 4:04-CV-606-A, at *1 n. 1 (N.D.Tex. Jan. 26, 2005) (treating ruling as report and recommendation); *Rowe v. Mental Health Mental Retardation*, No. Civ. A. 404CV193A, at *1 n. 1 (N.D. Tex. Sept. 2, 2004) (same).

*Wilson v. Becker*, 2008 WL 81286 at *1 (E.D. La. Jan. 7, 2008).

The *Wilson* Court explained further that "[t]he confusion stems, in part, from the Fifth Circuit's decision in *Donaldson v. Ducote*, 373 F.3d 622 (5th Cir.2004), in which the court addressed sua sponte the issue of whether a magistrate judge has authority to enter a final, appealable order on a § 1983 plaintiff's application to proceed in forma pauperis on appeal." 2008 WL 81286 at *2. In that case, the district court adopted the magistrate judge's report and recommendation and dismissed a § 1983 complaint as frivolous and for failure to state a claim. The plaintiff then filed a notice of appeal and a motion to proceed as a pauper on appeal. The magistrate judge issued an order finding that the plaintiff's appeal was not taken in good faith and denying his IFP application. The magistrate judge advised the plaintiff that he could appeal to the Fifth Circuit. Because the plaintiff had not consented to the authority of the magistrate judge and the district court had not meaningfully reviewed the magistrate judge's certification order, the Fifth Circuit concluded that plaintiff's appeal was "premature" and remanded the case to the district court for the limited purpose of reviewing the magistrate judge's certification.

However, the Fifth Circuit did not squarely address the issue in this case, whether the magistrate judge can determine under 28 U.S.C. § 636(b)(1)(A) that a plaintiff may not proceed at the district court level as a pauper under the three strikes provision. The courts have reasoned both ways, but the Court finds that it need not reach a conclusion here. Instead, this Court agrees with the Eastern District that in this case, unlike *Donaldson*, the plaintiff is obtaining review of the district court. Further, under either the clearly erroneous or *de novo* standard of review, Plaintiff has presented no evidence that the Magistrate Judge's ruling was erroneous in any way. Therefore, Plaintiff's appeal [Doc. No. 11] is DENIED, and the Magistrate Judge's

order [Doc. No. 10] is AFFIRMED.

IT IS FURTHER ORDERED that Plaintiff is directed to pay the full filing of $350.00 within twenty (20) days of the date of this Order, or his pleadings will be stricken and his case dismissed.

MONROE, LOUISIANA, this __2__ day of __July__, 2008.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

3